IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA LEE,

        Plaintiff,                      No. CIV S-05-0375 WBS JFM PS

    vs.

SOLANO COUNTY PROBATION        ORDER
DEPT., et al.,

        Defendants.

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). On March 18, 2005, defendant Gemma Grossi filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The motion to dismiss was held in abeyance by this court's order of May 5, 2005; defendants were granted twenty days in which to respond to plaintiff's motion for leave to amend his complaint.

        In the meantime, plaintiff has filed a motion to quash subpoena, a request to shorten time, two motions to strike affirmative defenses, an amended complaint (without leave of court) and a second motion to amend. The court notes that there are already 34 separate documents on file, and there is not yet an operative pleading on file. Defendants oppose plaintiff's motion to amend because plaintiff has violated Fed. R. Civ. P. 15 by filing an amended

1

complaint without first obtaining leave of court and has confused the record by filing and serving incomplete amended complaints as well.  Plaintiff is cautioned that the court may limit his filings if he continues to abuse the court process.  Fed. R. Civ. P. 11.

Motion to Quash Subpoena

It appears the motion to quash has been resolved, obviating the need for the request to shorten time.  Thus, plaintiff's May 3, 2005 motion to quash and May 6, 2005 request to shorten time will be denied.

Motions to Strike Affirmative Defenses

On May 13, 2005, and May 27, 2005, plaintiff filed motions to strike affirmative defenses under Fed. R. Civ. P. 12(f).  On May 25, 2005, defendants filed an opposition to plaintiff's May 13, 2005 motion to strike affirmative defenses.

Federal Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Id.  Defendants served their answer on plaintiff on April 18, 2005.  Because a motion to strike must be filed within 20 days after service of defendants' answer, in order for plaintiff's motion to strike to be timely, it must have been filed by May 9, 2005.  Thus, both motions to strike are untimely and will be denied.

However, even assuming, *arguendo*, plaintiff's motion to strike had been timely filed, it would be denied.  The affirmative defenses raised by defendants are not "insufficient . . . redundant, immaterial, impertinent or scandalous" as contemplated by Rule 12(f).

May 31, 2005 Motion to Amend

On May 31, 2005, plaintiff filed a second motion to amend his complaint.  Plaintiff states he wishes to amend his complaint to include allegations that the Solano County

E.E.O.C. Officer obstructed justice and tampered with evidence because plaintiff believes a page of Jenny Lakatos' writing sample was removed by the officer. This court does not find good cause to allow an amendment to name the E.E.O.C. Officer on this basis. If plaintiff believes there is a page missing from the writing sample, he may seek that page through discovery from the defendants who were involved in the hiring process. Thus, plaintiff's May 31, 2005 motion to amend will be denied.

<u>Motion to Dismiss and April 25, 2005 Request to Amend</u>

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> also <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

Defendant Grossi contends that plaintiff has failed to include any allegations concerning defendant Grossi, and has failed to demonstrate that defendant Grossi participated, or was in any way involved, in the interview or selection process. Thus she is entitled to dismissal under Fed. R. Civ. P. 12(b)(6). A review of the original complaint reveals that defendant is correct. There are no charging allegations as to defendant Grossi. Accordingly, defendant's motion to dismiss will be granted and plaintiff's April 25, 2005 request for leave to amend will be granted. Plaintiff will be granted leave to file a second amended complaint that includes his

/////

/////

allegations as to defendant Grossi.[1]  However, plaintiff may not add any previously unnamed defendants without first obtaining leave of court.  Fed. R. Civ. P. 15(a).

If plaintiff chooses to file a second amended complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must include charging allegations for each person named as a defendant.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 3, 2005 motion to quash and May 6, 2005 request to shorten time are denied without prejudice.

2. Plaintiff's May 13, 2005, and May 27, 2005 motions to strike affirmative defenses are denied.

3. Plaintiff's May 31, 2005 motion to amend is denied.

4. Defendant Grossi's March 18, 2005 motion to dismiss is granted.

5. Plaintiff's May 10, 2005 amended complaint is dismissed.

---

[1] Although plaintiff filed an amended complaint on May 10, 2005, including allegations concerning Gemma Grossi, it appears that complaint is not complete when compared to the original complaint, filed February 25, 2005.

6. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

001/lee.cuo