IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA LEE,

    Plaintiff,                      No. CIV S-05-0375 JFM PS

    vs.

SOLANO COUNTY PROBATION      ORDER
DEPT., et al.,

    Defendants.

_____/

        Plaintiff's December 1, 2005 motion for failure to disclose witnesses in violation of Fed. R. Civ. P. 26(A)(1) came on for hearing December 8, 2005.[1] Plaintiff appeared in propria person. Kathleen J. Williams appeared for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        First, plaintiff alleges that defendants failed to provide the phone number and address of Marilynn Brown, former Solano County EEOC compliance officer. Defendants

---

[1] Despite the lack of timely notice, defendants agreed this motion could be heard on December 8 in conjunction with their motion for summary judgment. (Defts.' December 2, 2005 Opp'n at 2-3.)

1

respond that Ms. Brown stopped working for Solano County on July 16, 2005 and plaintiff was informed in early October of that fact.  Defendants also note that plaintiff did not request this information in writing and Ms. Brown did not sign a declaration in support of defendants' motion for summary judgment.  However, defendants have now supplemented their responses and provide Ms. Brown's last known home address.  Plaintiff did not dispute this.  Accordingly, this request is moot and will be denied.

Second, plaintiff contends defendants have "refused to provide any tangible authenticated documents from human resources that explained hypothetical situation for writing sample," and failed to disclose information used in the motion for summary judgment, specifically "Declaration 18 and 52,"[2] and contends that defendants' failure to provide this in their initial disclosures means they may not use them in support of their motion.  Defendants respond that the hypothetical question itself was given plaintiff pursuant to his subpoena served on Gemma Grossi.  Defendants contend they did not use the hypothetical question in their motion for summary judgment, only an explanation of the written responses.

In plaintiff's exhibits submitted during the hearing, the Director of Solano County Human Resources Department declared under penalty of perjury that there are no documents responsive to the request for documents that explain when a hypothetical situation writing sample was implemented and documents that explain how it works.  (Pl.'s Ex. A.)  Plaintiff has been provided a copy of the hypothetical posed to applicants during the hiring process at issue
/////

---

[2] It appears plaintiff refers to defendants' statement of undisputed material facts.
   18. "As of August 30, 2004, the Solano County Probation Dept. had not developed standards for interviewers to utilize in grading applicant writing samples."  Defendants based this undisputed fact on declarations provided by defendants in support of their motion for summary judgment.
   52. "The grading standards for the writing samples LEE contends were not met by the two young Caucasian candidates were created at Cliff Merrill's direction after LEE filed his complaint with the EEOC."
This response was based on Merrill's declaration filed in support of defendants' motion for summary judgment.

1 herein.[3]  Defendants cannot be required to produce documents that do not exist.  This court finds
2 defendants did not violate Fed. R. Civ. P. 26(A)(1).  Plaintiff's second request is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 1, 2005 motion for failure to disclose is denied.

DATED:  February 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; lee0575.oah

---

[3] A copy of the hypothetical was appended to Ms. Grossi's November 30, 2005 response.

3